NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1514

CELLCO PARTNERSHIP
(doing business as Verizon Wireless),

Plaintiff-Appellant,

v.

BROADCOM CORPORATION,

Defendant-Appellee.

Aaron M. Panner, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., of Washington, DC, argued for plaintiff-appellant.  With him on the brief were Mark C. Hansen, Richard H. Stern, and Michael E. Joffre. Of counsel on the brief were John Thorne and Robert H. Griffen, Verizon, of Arlington, Virginia; Richard Cullen, Brian C. Riopelle, and Robert M. Tyler, McGuireWoods LLP, of Richmond, Virginia; David L. Shapiro, of Cambridge, Massachusetts; and James H. Wallace, Jr., John B. Wyss, and Kevin P. Anderson, Wiley Rein LLP, of Washington, DC.

Michael H. Page, Keker & Van Nest, LLP, of San Francisco, California, argued for defendant-appellee.  With him on the brief were Robert A. Van Nest and Steven A. Hirsch.

Appealed from: United States District Court for the Eastern District of Virginia

Judge Leonie M. Brinkema

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

2006-1514

CELLCO PARTNERSHIP
(doing business as Verizon Wireless),

Plaintiff-Appellant,

v.

BROADCOM CORPORATION,

Defendant-Appellee.

_____

DECIDED: March 19, 2007

_____

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

In light of <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. ___, 127 S. Ct. 764 (2007), we conclude that the district court erred as a matter of law in holding that no actual controversy existed between the parties, as required by the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and Article III of the Constitution. <u>See</u> <u>id.</u> at ___ n.11, 127 S. Ct. 774 n.11. However, <u>MedImmune</u> also reaffirmed that trial courts have "unique and substantial discretion" in determining whether to decide cases over which

they have declaratory judgment jurisdiction. <u>Id.</u> at \_\_\_, 127 S. Ct. at 776 (quoting <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995)).

The same patents at issue here are also the subject of a pending International Trade Commission ("ITC") proceeding, which was instituted by Broadcom Corporation ("Broadcom") against Qualcomm Corporation ("Qualcomm"). Qualcomm manufactures the chips used by Cellco Partnership ("Cellco"). That proceeding raised many of the same issues as Cellco's declaratory judgment action, including the validity of the patents. Although the ITC's findings lack preclusive effect and cannot conclusively resolve the controversy between Cellco and Broadcom, they can be considered by federal courts for their persuasive value. <u>Texas Instruments v. Cypress Semiconductor Corp.</u>, 90 F.3d 1558, 1568-69 (Fed. Cir. 1996).

In addition, a separate district court proceeding raising similar issues was pending between Qualcomm and Broadcom in the Central District of California. As required by statute, that case was stayed at Qualcomm's request until the ITC's determination becomes final. 28 U.S.C. § 1659(a); <u>see</u> <u>In re Princo Corp.</u>, \_\_\_ F.3d \_\_\_, 2007 WL 610732 (Fed. Cir. 2007) (order). When that suit resumes, it will have the benefit of the ITC's determinations, and Cellco can seek to intervene.

In light of these other proceedings involving the chip manufacturer, the trial court determined that entertaining Cellco's declaratory judgment action would be "an inappropriate use of multiple judicial districts." Because of potential judicial efficiency, and because Cellco has not shown sufficient harm to require immediate resolution of its case prior to the conclusion of these other proceedings, we find no abuse of discretion in dismissing the case. Accordingly, we <u>affirm</u>.